UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. DANIELS, II,<br><br>                Plaintiff,<br><br>       v.<br><br>FRESNO COUNTY BOARD OF SUPERVISORS, et al.,<br><br>                Defendant. | 1:16-cv-01609-MJS (PC)<br><br>**ORDER TO SHOW CAUSE**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a former state prisoner who filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed an "Application to Proceed In Forma Pauperis by a Prisoner," which reveals that Plaintiff is no longer incarcerated but is instead housed in "felony probation housing" near the Fresno County Jail. (ECF No. 2.)

The in forma pauperis statute, 28 U.S.C. § 1915, distinguishes unincarcerated indigent people from incarcerated ones. Under § 1915(a)(1), a non-prisoner plaintiff may file suit without prepaying fees, provided he or she submits an affidavit demonstrating "that the person is unable to pay such fees or give security therefor." Escobedo v. Applebees, 787 F.3d 1226, 1232 (9th Cir. 2015); Ingle v. Cir. City Stores, Inc., 328 F.3d 1165, 1177 (9th Cir. 2003). An indigent prisoner, by contrast, is not exempt from prepayment. 28 U.S.C. § 1915(b)(1). Instead, the prisoner must submit a copy of his or her trust account statement, make an initial upfront payment, followed by subsequent monthly installments, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(1)-(2).

Under § 1915(h), "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." This definition is identical to that set forth under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1997e(h).

Though the Ninth Circuit has held that individuals civilly detained under California's Sexually Violent Predators Act are not a "prisoner" within the meaning of §1915(b), see Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000), it has not ruled on the applicability of § 1915(b) to former inmates in transitional housing.

Other circuits have addressed this issue. In Jackson v. Johnson, 475 F.3d 261 (5th Cir. 2007), the Fifth Circuit held that a plaintiff was considered a "prisoner" within the meaning of § 1915(b) even though he was released from prison on mandatory supervision and resided in a halfway house. The Fifth Circuit's ruling was based on the fact that the plaintiff was incarcerated or detained in a facility rather than being released from incarceration to the general public and his confinement at the halfway house was the result of his criminal conviction, even though the purpose of his confinement there was primarily non-punitive. See also Witzke v. Femal, 376 F.3d 744, 752 (7th Cir. 2004) (determining that halfway-house resident who could leave the facility during the day but was locked inside at night was a prisoner for PLRA purposes); Smith v. Lappin, 2012 WL 4214494 (D. Kan. Sept. 18, 2012) (applying PLRA to plaintiff who was confined in a halfway house);

In this case, Plaintiff states that he is confined in "felony probation housing." The precise nature of this housing, however, is unclear. Plaintiff will thus be given an opportunity to inform the Court whether his current housing follows an immediate and unfettered release from incarceration.

Accordingly, it is HEREBY ORDERED that Plaintiff shall show cause in writing within fourteen (14) days from the date of this Order why he should not be deemed a "prisoner" within the meaning of § 1915(b). Plaintiff's failure to comply with this order will

result in a recommendation that this action be dismissed without prejudice.

IT IS SO ORDERED.

Dated:   November 27, 2016           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE