UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. DANIELS, II,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY BOARD OF SUPERVISORS, et al.,<br><br>　　　　Defendant. | 1:16-cv-01609-MJS (PC)<br><br>**(1) ORDER VACATING NOVEMBER 28, 2016, ORDER TO SHOW CAUSE; AND**<br><br>**(2) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER**<br><br>**(ECF NO. 4)**<br><br>**FOURTEEN-DAY DEADLINE** |

　　Plaintiff is a former state prisoner who filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 5.)

　　Pending is Plaintiff's October 26, 2016, "Application to Proceed In Forma Pauperis by a Prisoner," which reveals that Plaintiff is no longer incarcerated but is instead housed in "felony probation housing" near the Fresno County Jail. (ECF No. 2.)

　　On November 28, 2016, the undersigned issued an Order to Show Cause and set a fourteen-day deadline. (ECF No. 4.) In that Order, Plaintiff was informed that the in forma pauperis ("IFP") statute, 28 U.S.C. § 1915, distinguishes between unincarcerated indigent people and incarcerated ones. (ECF No. 4.) Specifically, he was informed that

1  those who are not incarcerated may receive a full waiver of the filing fee whereas
2  incarcerated people must make monthly payments until the filing fee is paid in full. Since
3  the nature of Plaintiff's "felony probation housing" is unclear, Plaintiff was ordered to
4  show cause why he should not be deemed a "prisoner" within the meaning of § 1915(b).
5  Plaintiff was advised that failure to comply with the order would result in the dismissal of
6  this action without prejudice.

7      The deadline for responding to the Order to Show Cause has now passed, and
8  Plaintiff has not responded to the Court's Order.

9      Local Rule 110 provides that "failure of counsel or of a party to comply with these
10  Rules or with any order of the Court may be grounds for imposition by the Court of any
11  and all sanctions . . . within the inherent power of the Court."

12      District courts have the inherent power to control their dockets and "in the
13  exercise of that power, they may impose sanctions including, where appropriate . . .
14  dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A
15  court may dismiss an action, with prejudice, based on a party's failure to prosecute,
16  failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v.
17  Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);
18  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
19  comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d
20  1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro
21  se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d
22  128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v.
23  Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and
24  failure to comply with local rules).

25      In determining whether to dismiss an action for lack of prosecution, failure to obey
26  a court order, or failure to comply with local rules, the Court must consider several
27  factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need
28  to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy

favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, neither weighs for nor against dismissal since no Defendant has yet to appear in this action. The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Accordingly, IT IS HEREBY ORDERED that:

1. The November 28, 2016, Order to Show Cause (ECF No. 4) is VACATED; and
2. Plaintiff shall show cause in writing within fourteen days from the date of this Order why this action should not be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   December 23, 2016           /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE